UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BENJAMIN LUCERO CANO,  ) | |
| Institutional ID No. 34330-177,  ) | |
|    ) | |
|         Plaintiff,  ) | |
|    ) | |
| v.   ) | CIVIL ACTION NO. |
|    ) | 5:06-CV-0142-J |
| GEO GROUP INC., *et al.,*  ) | ECF |
|    ) | |
|         Defendants.  ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Benjamin Cano brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants GEO Group, Inc., identified by Cano as the owner/operator of Dickens County Correctional Center (Dickens); Ron Alford, the Warden at Dickens; (FNU) Booker, the supervising officer of the law library at Dickens; and the Honorable Sam R. Cummings, United States District Judge for the Northern Division of Texas, Lubbock Division. Cano contends Defendants denied him meaningful access to the courts and seeks compensatory damages.

Pursuant to 28 U.S.C. § 636(b), this case was referred to the undersigned United States Magistrate Judge for determination and for hearing if necessary. This court has reviewed Cano's claims under the judicial screening standard set forth under 28 U.S.C. § 1915A and recommends that the United States District Court enter judgment dismissing his claims with prejudice.

**I.      Statement of the Case**

Cano was incarcerated at Dickens after he was indicted for federal crimes and throughout the related criminal proceedings which were conducted in Judge Cummings' court. Cano contends he intended to proceed *pro se* in the criminal proceedings against him but alleges he was unable to do so because the law library at Dickens was inadequate for him to conduct research required to prepare for his case and because Warden Alford refused to allow him to purchase and use his own law books at the prison. He claims he sought transfer to another prison that might have an adequate law library but Judge Cummings denied his request. Cano claims he ultimately retained counsel but was required to proceed to trial four days later and was therefore not provided with adequate time to converse with his attorney or prepare evidence and witnesses for his defense. Court records show that Cano was convicted by a jury of the criminal charges brought against him and that an appeal of the conviction is and was pending at the time he filed his complaint.

**II.     Grounds for Dismissal**

Cano's complaint is subject to preliminary judicial screening under 28 U.S.C. § 1915A, which provides for dismissal of a claim brought by a prisoner against a governmental entity or officer before service of process if the court finds that (1) the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See id.*; *see also* 42 U.S.C. § 1997e(c) (requiring dismissal of claims brought with respect to prison conditions on the same grounds). A claim may be dismissed as frivolous if it lacks an arguable basis

in fact or law. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

To the extent Cano claims that Defendants' actions caused or brought about his sentence and conviction, his claims have no basis in law and must be dismissed as frivolous pursuant to 28 U.S.C. § 1915A. In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that the conviction or sentence was reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus; a claim for damages related to a conviction or sentence that has *not* been invalidated is not cognizable under § 1983. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (emphasis in the original). Because Cano's direct appeal of his sentence and conviction is pending, he cannot show that his conviction and sentence were invalidated. Consequently, his claims are not cognizable under § 1983 and must be dismissed with prejudice to their being asserted again when the conditions in *Heck* are satisfied. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

In addition and in the alternative, Cano has not asserted facts that would show a constitutional deprivation. Court records show that Cano was represented by a court-appointed attorney until he retained counsel who represented him in the trial, conviction, and sentencing phases of the criminal proceedings against him. The constitutional right to access the courts requires that prisoners be provided with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Cano was represented by an attorney at all times during the criminal proceedings against

3

him; therefore, the constitutional guarantee of prisoners' access to the courts was satisfied. *See Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996). Finally, the claim Cano brings against Judge Cummings must be dismissed under the doctrine of judicial immunity. Federal judges are absolutely immune from suit for acts performed within the scope of their jurisdiction. *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987) (citing *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967). Cano has not alleged that Judge Cummings acted outside the scope of his jurisdiction such that would overcome judicial immunity in this case, *see Boyd*, 31 F.3d at 285; therefore this court must dismiss Cano's claim against Judge Cummings as frivolous because he seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(2).

### III.   Recommendation

For the foregoing reasons, this court recommends that the United States District Court dismiss Cano's claims against all Defendants with prejudice pursuant to 28 U.S.C. § 1915A(b). Further, pursuant to 28 U.S.C. § 1915(b) and *Williams v. Roberts*, 116 F.3d 1126 (5th Cir. 1997), the court recommends that the full filing fee of $350.00 be assessed against Plaintiff and paid by the agency having custody of Plaintiff in monthly installments as provided in 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff should be required to deduct twenty percent of each deposit made to Plaintiff's inmate trust account and forward payments to the court on a regular basis provided the account exceeds $10.00. Plaintiff should be ordered to immediately execute all consents and other documents required by the agency having custody of him to authorize the necessary withdrawals from his inmate

trust account. All pending motions should be denied.

## IV. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   November 17, 2006.

NANCY M. KOENIG
United States Magistrate Judge